IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS MATTERN, et al.,

        Plaintiff,

v.

PUSHTRAFFIC, et al.,

        Defendant.

NO. C10-2924 TEH

ORDER (1) CONTINUING HEARING AND (2) TO SHOW CAUSE

For the reasons set forth below, the motion hearing scheduled for December 6, 2010, is continued to December 13, 2010, and Plaintiffs are ordered to show cause as to why venue in this Court is appropriate.

**1. Continuance Due to Reply Evidence**

In support of Plaintiffs' motion for preliminary injunction,[1] they submitted two sets of evidence. Plaintiffs filed one set with their motion and another with their reply. Defendants object to the evidence submitted with Plaintiffs' reply, citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-95(1990), and *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). These cases make clear that the Court may, in its discretion, disregard evidence submitted in a reply. *See Lujan*, 497 U.S. at 894-95; *Zamani*, 491 F.3d at 997. The Court may consider Plaintiffs' reply evidence, however, provided that Defendants are afforded an opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Defendants have filed objections to Plaintiffs' reply evidence, but they must also be allowed to rebut it with evidence of their own. *See id.*

---

[1] Plaintiffs' motion was filed as a motion for a temporary restraining order, but "when a temporary restraining order is sought on notice to the adverse party, it may be treated by the court as a motion for a preliminary injunction." 13 James W. Moore et al., *Moore's Federal Practice* §65.31 (3d ed. 2010); *see also Kan. Hosp. Ass'n v. Whiteman*, 835 F. Supp. 1548, 1551 (D. Kan. 1993).

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that on or before December 6, 2010, Defendants may file a supplemental reply to Plaintiffs' pending motion for preliminary injunction. In addition to affidavits and declarations, the supplemental reply may include a brief or memorandum not to exceed five (5) pages of text. The hearing scheduled for December 6, 2010, is hereby CONTINUED to Monday, December 13, 2010, at 10 a.m. in Courtroom 2 on the 17th Floor, U.S. District Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. Personal appearances are required at this and all other hearings before this Court.

**2. Order to Show Cause Regarding Venue**

Local Rule 3-5(b) requires that complaints contain a paragraph identifying the basis for assignment to a particular location or division of the Northern District pursuant to Local Rule 3-2(c). Plaintiffs did not include this paragraph in their First Amended Complaint ("FAC"). Local Rule 3-2(c) provides that a "civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated." Local Rule 3-2(d) explains that all civil actions which arise in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo, or Sonoma shall be assigned to San Francisco and Oakland. Local Rule 3-2(e) explains that all civil actions which arise in the counties of Santa Clara, Santa Cruz, San Benito, or Monterey shall be assigned to San Jose. In light of these rules and the facts pleaded by Plaintiffs, this Court is not persuaded that this action arises in any Northern District county, much less any of the counties assigned to this Court.

Plaintiffs also appear to fall short of federal venue rules. Federal law governing interdistrict venue in federal question cases provides that

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions

2

> giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiffs contend that venue is proper in this Court "because the defendants are conducting business and entered into contracts in this District and may be found in this District," and because several Plaintiffs have received threats from Defendants based in Los Angeles. First Am. Compl. 14:24-25. Plaintiffs also allege that one of the Defendants, Progressive Tax Group, is headquartered in San Francisco. These facts do not persuade the Court that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District, and it doubts whether there is no district in which this action may otherwise be brought. The Court's concerns are intensified by the evidence and legal arguments regarding venue filed by Defendants on November 22, 2010.

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that Plaintiffs arrive at the December 13, 2010 hearing prepared to show cause as to why this case should not be dismissed for improper venue, or, in the alternative, transferred to San Jose or another district.

**IT IS SO ORDERED.**

Dated: 12/1/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3