IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS MATTERN, et al.,

                    Plaintiffs,

      v.

PUSHTRAFFIC, et al.,

                    Defendant.

NO. C10-2924 TEH

ORDER (1) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND (2) TRANSFERRING VENUE

This matter came before the Court on December 13, 2010, on Plaintiffs' motion for a temporary restraining order as well as the Court's order to show cause. Plaintiffs are fifty-three people who bring federal and state claims against entities and individuals selling online marketing products. Plaintiffs claim that these entities and individuals violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. section 1961 *et seq.*, as well as the false advertising provisions of the Lanham Act, 15 U.S.C. section 1125(a). They also claim fraud, false advertising, unfair competition, elder and vulnerable person abuse, negligence, money had and received, unauthorized use of likeness, and violation of section 17529.5 of the California Business and Professions Code, which restricts unsolicited commercial e-mail. Two issues are currently before the Court. First, Plaintiffs move for injunctive relief against John Raygoza ("Raygoza"), Ted Molina ("Molina"), Dot Intel, LLC ("DotIntel"), Future Endeavor.com, LLC ("Future Endeavor.com"), PushTraffic, JumpLaunch, Successrate, Youraffiliatesuccess, and IncFortune.[1] Second, on December 1, 2010, this Court issued an order to show cause regarding venue in the Northern District. For

---

[1] Defendants David Sipes and Finity Consulting, LLC, reached agreements with Plaintiffs and were withdrawn from this motion. Defendant Progressive Tax Group has been dismissed from the case. Other defendants are named in the First Amended Complaint ("FAC"), but not in this motion.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

the reasons set forth below, Plaintiffs' motion is DENIED and venue is transferred to the Central District of California.

**BACKGROUND**

Plaintiffs are fifty-three people who say they were scammed by entities and individuals selling programs claiming to teach people how to make vast sums of money through the Internet. On their motion for temporary restraining order against some of these entities and individuals, Plaintiffs ask the Court enjoin them from (1) using the Internet, U.S. Postal Service, or telephone to contact prospective buyers "while using predatory and misleading sales practices . . . " and "targeting individuals over age 65 or who are disabled"; (2) contacting Plaintiffs with new offers and solicitations; and (3) using Plaintiffs' financial information. Pls.' Mot. 1-2. Plaintiffs also ask the Court to enjoin PushTraffic, Molina, and Raygoza from using Plaintiffs' likenesses and testimonials to promote their enterprises. In response to the Court's order to show cause as to whether the Northern District of California is a proper venue for this case, or whether the case should be transferred, Plaintiffs request venue discovery.

Plaintiffs submitted little evidence in support of their motion for temporary restraining order. Among the declarations filed by Plaintiffs, none explains the events giving rise to this litigation. The one declaration that explains the business practices alleged in this case was signed by a man who is not a plaintiff and describes events that are not the subject of this litigation. The three declarations signed by individual plaintiffs merely conclude that they were "taken" for a certain amount of money by a given defendant. They go on to explain that these plaintiffs received e-mail solicitations from various defendants after this lawsuit was filed. One woman received an e-mail from a defendant asking her to update her credit card information. She declined to do so, and she does not allege that her credit card was charged thereafter.

United States District Court

For the Northern District of California

1    In addition to claiming that he, too, was "taken" by Defendants, Plaintiff E. Lee Dale

2    ("Dale") submitted a declaration explaining that his picture appears on the website

3    "Recession Proof Millions," an alleged business alias of Defendant PushTraffic. The website

4    quotes Dale as saying:

5         I have had the pleasure of meeting Rick and spending 4 hours
          listening to him speak. I have never been so thrilled with a
6         speaker as I was with Rick. He had my attention every second,
          even when he spilled his and my coffee. To use his own words he
7         is "Unbelievable."

8    Dale says that he never made this statement and that Raygoza controls the website on which

9    it appears. A former colleague of Raygoza's, Boaz Rauchwerger, submitted a declaration

10   stating that Raygoza created the concept for Recession Proof Millions. At the hearing,

11   Plaintiffs' counsel alleged that Raygoza shares a business address with Recession Proof

12   Millions. However, in his own declaration, Raygoza states that he does not control or own

13   Recession Proof Millions. At a hearing on December 13, 2010, Raygoza's counsel

14   represented that Recession Proof Millions is not an alias of PushTraffic, where Raygoza

15   serves as an officer. He also represented that no defendant opposing the motion owns or

16   controls Recession Proof Millions.

17   With regard to venue, the Court issued an order on December 1, 2010, requiring

18   Plaintiffs to arrive at the December 13 hearing prepared to show cause as to why this case

19   should not be dismissed for improper venue, or in the alternative, transferred to San Jose or

20   another district. Plaintiffs filed a written response to the Court's order, arguing that the Court

21   should grant written discovery for the purpose of determining whether the Northern District

22   is a proper venue for this case. Plaintiffs would limit discovery to facts raised by Defendants'

23   motions to dismiss and disputed by Plaintiffs. The disputed facts are (1) whether there is an

24   arbitration and venue provision in all of the alleged contracts between individual plaintiffs

25   and various defendants; (2) the street addresses of Defendants Molina and Christopher

26   Bosley; (3) whether the events or omissions giving rise to Plaintiffs' claims arise from

27   Defendants' activities in Los Angeles, or whether only some of the events or omissions

28   giving rise to this litigation arise there; and (4) whether the Central District is more

convenient for the parties and witnesses. At the hearing on December 13, 2010, Plaintiffs conceded that their only link to the Northern District is a single plaintiff residing in Palo Alto. Plaintiffs also stated that the Central District of California, or any district in the United States, is a proper venue for this case.

**LEGAL STANDARD**

"[W]hen a temporary restraining order is sought on notice to the adverse party, it may be treated by the court as a motion for a preliminary injunction." 13 James W. Moore et al., *Moore's Federal Practice* §65.31 (3d ed. 2010); *see also Kan. Hosp. Ass'n v. Whiteman*, 835 F. Supp. 1548, 1551 (D. Kan. 1993). The party moving for preliminary injunction must carry its burden of persuasion by a "clear showing." *City of Angoon v. Marsh*, 749 F.2d 1413, 1415 (9th Cir. 1984). The Ninth Circuit has clarified the standard for preliminary injunctions in light of the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* (quoting *Winters*, --- at ----, 129 S.Ct. at 374). *Winters* did not disturb the threshold requirement that a party seeking preliminary injunction must "demonstrate that her remedy at law is inadequate." *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).

With regard to venue, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. s 1404(a). The court must consider the factors enumerated in section 1404(a) – i.e., convenience of the parties, convenience of the witnesses, and the interest of justice.  28 U.S.C. § 1404(a).  Other relevant factors include:

> (1) the plaintiffs' choice of forum; (2) the extent to which there is a connection between the plaintiffs' causes of action and this forum; (3) the parties' contacts with this forum; (4) the

United States District Court

For the Northern District of California

convenience of witnesses, (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (6) the ease of access to sources of proof; (7) the existence of administrative difficulties resulting from court congestion; (8) whether there is a "local interest in having localized controversies decided at home"; (9) whether unnecessary problems in conflict of laws, or in the application of foreign law, can be avoided; and (10) the unfairness of imposing jury duty on citizens in a forum unrelated to the action.

*Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1156 (S.D. Cal. 2005) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); 28 U.S.C. § 1404(a)). Courts have broad discretion to address these factors based on the particular facts of each case. *E. & J. Gallo Winery v. F.&P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). "[W]here the forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum." *IBM Credit Corp. v. Definitive Computer Services, Inc.*, 1996 U.S. Dist. LEXIS 2385, at *6 (N.D. Cal. 1996).

## DISCUSSION

Two issues are before the Court: (1) whether to grant Plaintiffs' motion for injunctive relief; and (2) whether, assuming venue in the Northern District is proper, the Court should nonetheless transfer the case to the Central District of California.

## I. Injunctive Relief

Plaintiffs ask the Court to issue a temporary restraining order against Defendants, as well as an order to show cause as to why the Court should not issue a preliminary injunction. Plaintiffs would have the Court enjoin Defendants from (1) using the Internet, U.S. Postal Service, or telephone to contact prospective buyers "while using predatory and misleading sales practices . . . " and "targeting individuals over age 65 or who are disabled"; (2) contacting Plaintiffs with new offers and solicitations; and (3) using Plaintiffs' financial information. Pls.' Mot. 1-2. Plaintiffs also ask the Court to enjoin PushTraffic, Molina, and

5

Raygoza from using Plaintiffs' likenesses and testimonials to promote their enterprises. Because Plaintiffs noticed their motion for temporary restraining order, it will be treated as a motion for preliminary injunction. *See* 13 *Moore's Federal Practice* §65.31.

While Plaintiffs might have viable arguments regarding the adequacy of legal remedies, irreparable harm, balance of hardships, and public interest, they offer little to no analysis of these questions. The Court need not reach them, however, because Plaintiffs have failed to show a likelihood of success on the merits.

To show a likelihood of success on the merits, the party seeking a preliminary injunction must make "a clear showing that [the party] is entitled to such relief." *Winters*, --- at ----, 129 S.Ct. at 376. Plaintiffs' conclusory statements alleging that they were "taken" does not meet this standard, and the only declaration that gives any detail regarding the business practices allegedly at issue belongs to a person who is not a party to this case. The websites attached as exhibits to declarations also prove no wrongdoing. These facts do not clearly show that Plaintiffs are likely to prevail on any of their claims.

The mere fact that Defendants contacted Plaintiffs by e-mail after this lawsuit was filed does not tend to prove unlawful conduct. Plaintiffs offer no evidence explaining how these e-mails are being used to defraud. While California Business and Professions Code section 17529.5(a)(3) outlaws misleading subject lines in unsolicited e-mail, Plaintiffs fail to argue that the e-mails received by Plaintiffs are misleading. Plaintiffs therefore fall short of making a clear showing that they are entitled to relief on the basis of e-mail solicitations.

Plaintiffs also contend that Defendants are attempting to use Plaintiffs' credit card data, and seek to enjoin them from doing so. However, the evidence they submit shows that at most, Defendants contacted Plaintiffs asking them to update credit card information already on file. Plaintiffs submit no evidence of unauthorized charges resulting from these e-mails. Thus Plaintiffs have not offered evidence clearly showing an injury, foreclosing recovery.

The closest Plaintiffs come to showing a likelihood of success on the merits comes from Dale's declaration, in which he explains that his likeness appears without his

1    authorization on the website Recession Proof Millions. California Civil Code section 3344

2    ("section 3344") prohibits the unauthorized use of a person's likeness to advertise a product.

3    However, in a declaration, Defendant Raygoza explained that he does not own or control the

4    website Recession Proof Millions. According to Raygoza, the website appears to be

5    controlled by Wayne Sharer, who is not a party to this case. At the hearing December 13,

6    Raygoza's counsel confirmed that neither Raygoza nor PushTraffic owns or controls

7    Recession Proof Millions. In response, Plaintiff's counsel pointed out that Raygoza allegedly

8    shares a business address with Recession Proof Millions. This fact does not disprove the

9    content of Raygoza's declaration, and Plaintiffs have fallen short of a clear showing that Dale

10   or any other plaintiff is entitled to injunctive relief against Raygoza or any other defendant.

11   Plaintiffs' motion for temporary restraining order is therefore DENIED.

12

13   **II. Venue**

14        Concerns that Plaintiffs did not file this lawsuit in the proper venue prompted the

15   Court to issue an order to show cause requiring Plaintiffs to come to the December 13

16   hearing prepared to explain why this case should not be dismissed for improper venue, or in

17   the alternative, transferred to San Jose or another district. Plaintiffs responded in writing that

18   they have no objection to transferring to San Jose, but asked the Court to order the parties to

19   submit to venue discovery. In the Ninth Circuit, a court may permit discovery of facts

20   relating to venue. *Hayashi v. Red Wing Peat Corp.*, 396 F.2d 13, 14 (9th Cir. 1968).

21        Federal law governing venue in federal question cases provides that

22            [a] civil action wherein jurisdiction is not founded solely on
             diversity of citizenship may, except as otherwise provided by
23            law, be brought only in (1) a judicial district where any defendant
             resides, if all defendants reside in the same State, (2) a judicial
24            district in which a substantial part of the events or omissions
             giving rise to the claim occurred, or a substantial part of property
25            that is the subject of the action is situated, or (3) a judicial district
             in which any defendant may be found, if there is no district in
26            which the action may otherwise be brought.

27   28 U.S.C. § 1391(b).

28

United States District Court
For the Northern District of California

7

In their FAC, Plaintiffs contend that venue is proper in this Court "because the defendants are conducting business and entered into contracts in this District and may be found in this District," and because several Plaintiffs have received threats from Defendants based in Los Angeles. First Am. Compl. 14:24-25. Plaintiffs also allege that Progressive Tax Group, a dismissed defendant, is headquartered in San Francisco. While discovery is likely necessary to determine whether "there is no district in which the action may otherwise be brought," 28 U.S.C. § 1391(b)(3), venue in the Northern District might have been proper based upon the fact that at the time the case was filed, Defendant Progressive Tax Group could be found in the Northern District.

However, in its order to show cause, the Court also required Plaintiffs to explain why this case should not be transferred to another district. At the December 13 hearing, Plaintiffs conceded that the Court could properly transfer the case to the Central District of California. Furthermore, the factors to be considered under 28 U.S.C. section 1404(a) weigh in favor of transfer. This is true even if the facts disputed by Plaintiffs are resolved in Plaintiffs' favor.[2]

At the hearing, Plaintiffs stated that their only link to the Northern District is the residency of a single plaintiff. When asked what reasonable expectation Plaintiffs have of finding, through discovery, a basis for venue in the Northern District, Plaintiffs offered none. They did not renew their allegation that Defendants entered into contracts and continue to conduct business in the Northern District. They did not contend that discovery would unearth evidence supporting this allegation. Therefore Plaintiffs' choice of the Northern District is given little weight. *See IBM Credit*, 1996 U.S. Dist LEXIS 2385, at *6.

Plaintiffs also failed to refute facts linking this case to the Central District of California. At least five of eight individual defendants reside in Los Angeles County, and a

---

[2] Plaintiffs challenge whether the Central District is "more convenient for both the parties and witnesses." However, Plaintiffs do not dispute specific facts that tend to show that the Central District is convenient. These facts cannot be overcome by Plaintiffs' conclusory statements about the relative convenience of the Central District. Furthermore, Plaintiffs fail to point to any facts or areas of discovery that might show that the Northern District is more convenient than the Central District to anyone other than a single plaintiff residing in Palo Alto.

United States District Court
For the Northern District of California

majority of entity defendants primarily conduct business there. Some of them will likely be witnesses in this case, and the Central District would no doubt be more convenient to them. Two plaintiffs live in Southern California, and while the rest live throughout the United States and abroad, Plaintiffs do not argue that the Northern District would be more convenient to them than the Central District. Even if Plaintiffs were inclined to make this argument, the evidence to support it is in their own hands, not their opponents', and thus discovery is unnecessary. Furthermore, at least some of the events giving rise to this litigation took place in the Central District of California, according to Plaintiffs. And at the December 13 hearing, Plaintiffs made no showing that they would be in danger if the case were transferred to the Central District, nor did they argue that discovery would reveal evidence of danger. In light of Plaintiffs' conceded lack of ties to the Northern District, it would be unfair to impose jury duty on citizens of this forum. Insofar as any venue has an interest in this controversy, it appears that the Central District does.

At the hearing, Plaintiffs stated that they did not file suit in the Central District in order to protect Defendants from negative publicity in the place where they live and do business. This concern does not appear to trouble Defendants, who favor a Central District transfer. Given that (1) Plaintiffs conceded that the Central District is a proper venue; (2) Plaintiffs did not argue that discovery would reveal evidence linking this case to the Northern District; and (3) the facts not disputed by Plaintiffs indicate that the Central District of California would be a better forum, Plaintiffs' request for venue discovery is DENIED.

//
//
//
//
//
//
//
//

**CONCLUSION**

For the reasons set forth above, Plaintiffs' motion for temporary restraining order and request for venue discovery is DENIED. Accordingly, with good cause appearing for the reasons discussed above, the Clerk shall close the file and transfer this case to the Central District of California.

**IT IS SO ORDERED.**

Dated: 12/17/10

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT